IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 97-cr-60012-6-HO |
| Plaintiff, | ORDER |
| v. | |
| MARCOS XAVIER RAMIREZ, | |
| Defendant. | |

After a jury returned guilty verdicts on charges of conspiracy and possession with intent to distribute methamphetamine, the court sentenced defendant to concurrent 276-month terms of imprisonment. The court of appeals affirmed. United States v. Ramirez, 44 Fed. Appx. 80 (9th Cir. 2002). Defendant filed a motion to vacate, modify or correct his federal sentence pursuant to 28 U.S.C. § 2255.

## Discussion

Defendant alleges sixteen instances of ineffective assistance of trial counsel, five instances of ineffective

assistance of appellate counsel, and six instances of trial court error. Defendant's claims stem from the admission at trial of his wife's grand jury testimony, and judicial fact-finding under the preponderance of the evidence standard at sentencing. A conviction may be set aside only if, considering the whole record, a cognizable error had a substantial and injurious effect on the verdict. United States v. Montalvo, 331 F.3d 1052, 1058-59 (9th Cir. 2003).

Defendant's wife, Kathy Ramirez, was unavailable to testify as to her husband. Ramirez, 44 Fed. Appx. at 84. Admission of Ms. Ramirez's grand jury testimony and statements to law enforcement investigators violated the Confrontation Clause because defendant did not have a prior opportunity for cross examination. Crawford v. Washington, 541 U.S. 36, 51-53 (2004). This error is cognizable on collateral review. See Bockting v. Bayer, 399 F.3d 1010, 1021 (9th Cir. 2005) (holding Crawford retroactively applicable in habeas corpus proceeding initiated by state prisoner).

In light of the whole record, the error in admitting Ms. Ramirez's out of court statements against defendant had a substantial and injurious effect on the conspiracy verdict, but not on the possession with intent to distribute verdict. Ms. Ramirez's out of court statements were thoroughly damaging to defendant. 44 Fed. Appx. at 84. Although there was independent

2 - ORDER

evidence linking defendant to members of the conspiracy, Sheri Parker provided the only significant independent evidence of defendant's involvement in the conspiracy. Parker was cross examined regarding her memory and motivation to testify. During his rebuttal argument, the prosecutor told the jury that the government would have no case against defendant based on Parker's testimony alone. (Tr. 2463). Although the court does not adopt this position, the prosecutor's argument speaks to the importance of Ms. Ramirez's out of court statements to the conspiracy verdict.

Overwhelming evidence supports the verdict on the charge of possession with intent to distribute methamphetamine, rendering the admission of Ms. Ramirez's statements harmless with respect to the verdict on this charge. Parker and Sheila Freeman each testified that they purchased methamphetamine provided by defendant. Parker testified that defendant packaged and sold methamphetamine at 227 Upham Sreet and 1150 Pine Street, Klamath Falls, Oregon. Oregon State Patrol Detective John Mogle testified that when defendant was arrested at 227 Upham Street, methamphetamine was seized from Bob Meres at that location. He further testified that during service of an arrest warrant at 1150 Pine Street, defendant was found in a closet next to an open safe, scales and methamphetamine. Motel manager Julie Ann Dunn testified that a room rented by defendant and Kathy Ramirez

received high traffic and as many as 100 incoming calls in a day, and that as many as 40 outgoing calls per day were placed from the room. Klamath County Sheriff Detective John Dougherty testified that defendant received an eviction notice in part for "hard-core selling of dope." (Tr. 1269).

The conspiracy conviction and sentence are vacated. As a result, the Apprendi error found by the court of appeals is no longer harmless. See Ramirez, 44 Fed. Appx. at 85. Defendant's 276-month sentence for possession with intent to distribute methamphetamine exceeds the twenty-year statutory maximum. Id. Defendant shall be resentenced.

Because independent evidence overwhelmingly supports the verdict for possession with intent to distribute, any failure by trial counsel to move for a severance did not prejudice defendant.

In light of this disposition, the court need not address defendant's other claims of ineffective assistance of trial and appellate counsel and trial court error related to the admission of Ms. Ramirez's out of court statements and sentencing. Defendant's amended motion to vacate or correct sentence is granted with respect to claims C.2 and C.6.

## Conclusion

Based on the foregoing, defendant's amended motion to vacate or correct sentence [#532] is granted to the extent provided

4 - ORDER

herein. Defendant's motion to vacate or correct sentence [#456] is denied as moot. The deputy clerk shall schedule a hearing for resentencing.

IT IS SO ORDERED.

DATED this 23rd day of June, 2006.

/s/ Michael R. Hogan
United States District Judge

5 - ORDER